Timothy A. Adams, Bar No. 213896
Drew Massey, Bar No. 244350
Richard L. Isaacs, Bar No. 251906
**ROBERTS & ADAMS**
20042 Beach Boulevard
Huntington Beach, CA 92648
Telephone: (714) 698-0239
Facsimile: (714) 698-0243

Attorneys for Plaintiff,
S.A., a minor child by and through his parents L.A. and M.A.

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| S.A., a minor by and through his parents, L.A. and M.A.<br><br>Plaintiff,<br><br>vs.<br><br>Tulare County Office of Education and California Department of Education<br><br>Defendants. | CASE NO.: 08-cv-01215 LJO GSA<br><br>**FIRST AMENDED COMPLAINT FOR APPEAL FROM A CALIFORNIA DEPARTMENT OF EDUCATION DECISION UNDER THE INDIVIDUALS WITH DISABILITIES EDUCATION ACT [20 U.S.C. §1400 ET SEQ.]** |

Pursuant to Federal Rule of Civil Procedure 15(a)(1)(A), Plaintiff hereby amends his Complaint.

## JURISDICTION AND VENUE

1. This action arises under the Individuals with Disabilities Education Act [20 U.S.C. Section 1400 et seq.] ("IDEA") and pendent state law as hereafter more fully appear. This court has jurisdiction under and by virtue of 20 U.S.C. §1400 et seq.; 42 U.S.C. §1983 and 34 C.F.R. §300 et seq.

2. Plaintiffs L.A. and M.A. ("Parents") are the parents of S.A. ("Student"). At all times relevant to this complaint, Parents resided in the State of

California, County of Tulare. At all times relevant to this complaint, Student was a minor child residing in the State of California, County of Tulare.

3. Student is a child with a disability within the meaning of that term as defined under 20 U.S.C. §1401(3)(A)(i) and is a child with exceptional needs within the meaning of that term as defined in *California Education Code* §56026, and therefore is entitled to receive special education and related services.

4. Defendant Tulare County Office of Education ("TCOE") is a Governmental agency located within the County of Tulare, State of California, and conducting business therein.

5. Defendant California Department of Education ("CDE") is a governmental agency located within the County of Sacramento, State of California, and conducting business therein.

6. Pursuant to Federal Law, states are required to adopt procedures by which parents can pursue complaints regarding their child's education. 34 C.F.R. §300.151-153. In California, under the IDEA, a parent can initiate a proceeding with the CDE pursuant to the state's complaint resolution procedure. Under applicable law, the CDE has specific obligations to investigate complaints and issue a final written decision.

7. After the CDE's reconsideration, the aggrieved party can have their complaint addressed in a court of competent jurisdiction.

## FACTUAL ALLEGATIONS

8. Plaintiff hereby incorporates and realleges Paragraphs 1-7 above and incorporates the same as fully set forth herein.

9. Student is a ten (10) year old boy who lives with both his parents within the boundaries of Exeter Union Elementary School District ("District"). The District is part of the Tulare County/District Special Education Local Plan Area ("SELPA"), which is housed by the TCOE. TCOE acts as the administrative head of

-2-
**FIRST AMENDED COMPLAINT FOR APPEAL FROM CDE DECISION UNDER THE IDEA [20 U.S.C. § 1400 ET SEQ.]**

the SELPA and provides special education services for students in the thirty-four (34) small school districts in the area.

10. Student is eligible for, and has been receiving special education and related services through the above entities beginning in the 2001/2002 school year due to diagnosis of Autism and a speech and language delay.

11. On July 10, 2007 Student, by and through his counsel sent a letter to the TCOE requesting a copy of any and all electronic mail ("e-mail") sent or received by TCOE concerning or personally identifying Student. This request was properly administered pursuant to *California Code of Education* §56504; 34 CFR §300.613 and the IDEA's implementing regulation.

12. On or about July 17, 2007, Marilyn Rankin, TCOE's Assistant Superintendent of Special Services, replied to Student's request, indicating that TCOE was in the process of checking all e-mails with a variety of staff members and would likely provide the requested information by July 27, 2007. Ms. Rankin's correspondence did not indicate that TCOE anticipated having any problem accessing the requested electronic documents.

13. On or about July 23, 2007, Student's counsel sent a follow-up letter to TCOE requesting that the electronic records be provided in "native file format" (i.e. in the electronic version used to prepare the document).

14. On or about July 25, 2007, Student's counsel received a letter from Ms. Rankin stating that the requested records "could not be sent electronically as they had been "purged" and made only available as hard copies within the file." Student received along with Ms. Rankin's correspondence a small stack of documents containing e-mails from 2007 and one from 2006.

15. On or about August 13, 2007, Student's mother sent an e-mail to TCOE's Superintendent, Jim Vidak, again requesting that all electronic records

pertaining to Student either be forwarded as e-mails or placed on compact disc ("CD") in native file format. Mr. Vidak did not respond to this request.

16. On or about February 6, 2008, Student filed a Compliance Complaint with the CDE to seek an order requiring TCOE to provide Student with a full and complete copy of Student's "educational records" including all e-mails concerning or personally identifying Student pursuant to Student's July 10, 2007 request for records as required under *California Education Code* §56504 and 34 C.F.R. §300.613. Student further requested from the CDE an order finding that if the TCOE could not produce the requested "education records" then the CDE should find that the requested records were destroyed without parental notification or consent.

17. On or about April 1, 2008 the CDE released their Compliance Complaint Report. In regards to the small stack of records given to the Parents the CDE found the TCOE out of compliance because they took longer than 5 business days to turn over said records in violation of the *California Education Code* §56504.

18. The CDE appropriately recognized that Plaintiff was requesting a remedy under the IDEA and its implementing regulations, as well as its counterpart under state law, rather than any claim under the Family Educational Rights Privacy Act ("FERPA").

19. However, the CDE erroneously found that the TCOE was not required to notify the Parents before "purging" e-mails related to the student. They reasoned that the e-mails were not considered "educational records" that were "maintained" by the educational agency under 34 C.F.R. § 99.6.

20. On or about May 7, 2008, Student filed a Request for Clarification and Reconsideration with the CDE. First, Student sought clarification as to whether the CDE determined that all of the records requested by Student were actually produced. Student began receiving special education and related services by and

-4-
**FIRST AMENDED COMPLAINT FOR APPEAL FROM CDE DECISION UNDER THE IDEA [20 U.S.C. § 1400 ET SEQ.]**

through TCOE during the 2001/2002 school year, yet the only e-mails produced were from 2007 and one from 2006.

21. Student also requested the CDE to investigate and mandate the appropriate corrective action including but not limited to providing the Student copies of all records which should have been produced.

22. Furthermore, Student sought reconsideration from the CDE to determine whether the TCOE was unable to produce additional records because the records were in fact destroyed. If this were true, Student requested that the CDE order TCOE to provide a declaration under penalty of perjury that all the electronic records were in fact destroyed (such that they were completely deleted from both the individuals' computer and e-mail database as well as TCOE's computer system) prior to Student's initial request for records on July 10, 2007, and therefore, could not be retrieved by any means.

23. Lastly, Student sought reconsideration of CDE's finding that TCOE was in compliance regarding their failure to inform Parents when Student's personally identifiable information collected or maintained was no longer needed to provide educational services to Student.

24. On or about May 19, 2008, the CDE released their Reconsideration Report finding no inconsistencies in the original Compliance Complaint Report.

25. On or about August 22, 2008, Plaintiff, by and through his attorneys, sent correspondence to TCOE asking that the attorneys fees incurred for the successful compliance complaint be reimbursed.

26. On or about September 19, 2008, TCOE, through its counsel, responded, cited some concerns, and refused to reimburse.

27. On or about September 24, 2008, Plaintiff again reiterated his demand for attorneys fees. No further correspondence has occurred between the parties on this issue.

28. A prevailing party in a compliance complaint is entitled to an award of attorneys fees. *Lucht v. Molalla River Sch. Dist.*, 225 F.3d 1023 (9th Cir. 2000).

29. Plaintiff incurred no less than $5,462.64 in attorneys fees and costs (including copy costs and postage) for the successful prosecution of the compliance complaint.

## FIRST CAUSE OF ACTION
## TCOE FAILED TO PROVIDE THE REQUESTED "EDUCATIONAL RECORDS" AS REQUIRED BY LAW

30. Plaintiff hereby incorporates and realleges Paragraphs 1-29 above and incorporates the same as fully set forth herein.

31. The TCOE failed to provide a full and complete copy of Student's "educational record" upon written request by the Parents in violation of federal and state laws by:

a) Failing to provide copies of the requested e-mails in native format or on compact disc;

b) Failing to provide all e-mails sent or received by TCOE personnel regarding or pertaining to Student;

c) In the alternative, if the Court finds that TCOE no longer has the requested e-mails then TCOE destroyed them without parental notification or consent in violation of 34 CFR §300.624.

## SECOND CAUSE OF ACTION
## REVERSAL OF THE DECISION RENDERED BY THE CDE

32. Plaintiff hereby incorporates and realleges Paragraphs 1-31 above and incorporates the same as fully set forth herein.

//
//
//

33. The CDE failed in its duty to enforce the laws by:

a) Finding the e-mails withheld from Plaintiffs' are not considered "educational records" that were "maintained" by the educational agency under all applicable state and federal laws and regulations;

b) Finding the TCOE in compliance;

c) Not requiring the appropriate corrective actions.

## THIRD CAUSE OF ACTION
## ATTORNEYS FEES FOR SUCCESSFUL PROSECUTION OF THE COMPLIANCE COMPLAINT

34. Plaintiff hereby incorporates and realleges Paragraphs 1-33 above and incorporates the same as fully set forth herein.

35. TCOE has hereto refused to reimburse Plaintiff for the successful prosecution of the compliance complaint. Therefore, TCOE should be ordered to make Plaintiffs whole by paying not less than $5,462.64 in reasonable attorneys fees and costs.

## PRAYER

**WHEREFORE**, Plaintiff respectfully prays for the following relief:

1) That the Court after consideration of the arguments of counsel enter an order reversing the CDE's decision, and find that the TCOE violated federal and state laws in keeping and failing to turn over Student's "educational records."

2) That the Court order TCOE to provide Student copies of any records still in existence which should have been produced pursuant to Student's July 10, 2007 request for records;

3) That the Court order TCOE to notify Parents any time that it intends to destroy Student's "educational records";

//

//

4) For an Order directing CDE to reverse its judgment and find that the requested e-mails not produced by TCOE were in fact Student's "educational records" that were "maintained" by the educational agency under 34 C.F.R. §99.6.

5) For an award of attorneys fees against TCOE for the successful prosecution of the compliance complaint in the amount of $5,462.64.

6) For reasonable attorneys fees and costs for the prosecution of this suit; and

7) For such other and further relief as the Court deems just and proper.

DATED: November 20, 2008                    ROBERTS & ADAMS


                                            By:_____
                                            Timothy A. Adams
                                            Drew Massey
                                            Richard L. Isaacs
                                            Attorneys for Plaintiff S.A.

4) For an Order directing CDE to reverse its judgment and find that the requested e-mails not produced by TCOE were in fact Student's "educational records" that were "maintained" by the educational agency under 34 C.F.R. §99.6.

5) For an award of attorneys fees against TCOE for the successful prosecution of the compliance complaint in the amount of $5,462.64.

6) For reasonable attorneys fees and costs for the prosecution of this suit; and

7) For such other and further relief as the Court deems just and proper.

DATED: November 20, 2008                    ROBERTS & ADAMS


By:   /s/ Richard Isaacs

Timothy A. Adams
Drew Massey
Richard L. Isaacs
Attorneys for Plaintiff S.A.