STACY L. INMAN (SBN 134755)
SCHOOLS LEGAL SERVICE
1300 - 17th Street, 7th Floor (93301)
Post Office Box 2445
Bakersfield, California 93303
661/636-4830 (Telephone)
661/636-4843 (Facsimile)
sls@kern.org (Email)

Attorneys for Defendant
Tulare County Office of Education

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| S.A. a minor, by and through his parents, L.A. and M.A.,<br><br>Plaintiff,<br><br>v.<br><br>TULARE COUNTY OFFICE OF EDUCATION, CALIFORNIA DEPARTMENT OF EDUCATION, and DOES 1-10, inclusive<br><br>Defendants. | CASE NO. 08-cv-01215 LJO-GSA<br><br>**DEFENDANT TULARE COUNTY OFFICE OF EDUCATION'S ANSWER TO FIRST AMENDED COMPLAINT FOR APPEAL FROM A CDE DECISION UNDER THE IDEA** |

Comes now Defendant Tulare County Office of Education ("TCOE"), by and through its attorneys, and answers Plaintiff's First Amended Complaint for Appeal From a CDE Decision under the IDEA ("FAC") as follows:

**JURISDICTION AND VENUE**

1. In response to paragraph 1 of the FAC, Defendant TCOE denies that the action arises under the Individual with Disabilities Education Act [20 U.S.C. § 1400, et seq.] ("IDEA") and pendant state law. Defendant denies that this Court has jurisdiction under and by virtue of 20 U.S.C. § 1400 et seq., 42 U.S.C. § 1983 and 34 C.F.R. § 300, et seq.

2. In response to paragraph 2 of the FAC, Defendant TCOE admits that Plaintiff's L.A. and M.A. (Parents) are the parents of S.A. (Student"). Defendant TCOE admits that at all times relevant to this FAC, Parents resided in the State of California, County of Tulare at all times relevant to this FAC. Defendant TCOE admits that at all times relevant to this FAC, Student was a minor child residing in the State of California, County of Tulare.

3. In response to paragraph 3 of the FAC, Defendant TCOE admits that Student is a child with a disability within the meaning of that term as defined under 20 U.S.C. § 1401 (3)(A)(i) and is a child with exceptional needs within the meaning of that term as defined in California Education Code § 56025 and, therefore, is entitled to receive special education and related services.

4. In response to paragraph 4 of the FAC, Defendant TCOE admits that TCOE is a governmental agency located within the County of Tulare, State of California, and conducting business therein.

5. In response to paragraph 5 of the FAC, Defendant TCOE is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5, and on that basis, denies each and every allegation contained therein.

6. In response to paragraph 6 of the FAC, Defendant TCOE admits that states are required to adopt procedures by which parents can pursue complaints regarding their child's education, pursuant to 34 C.F.R. § 300.151-153. Defendant TCOE admits that a parent can initiate a proceeding with the California Department of Education ("CDE") pursuant to the complaint resolution procedure by filing a complaint. Defendant TCOE admits CDE has an obligation to investigate complaints and issue a final written decision.

7. In response to paragraph 7 of the FAC, Defendant TCOE denies that after CDE's reconsideration, an aggrieved party can have their complaint addressed in a Federal Court.

SCHOOLS LEGAL SERVICE
P.O. BOX 2445
BAKERSFIELD
CALIFORNIA
93303

Case No. 08-cv-0215 LJO-GSA

Defendant TCOE's Answer to First Amended Complaint

## FACTUAL ALLEGATIONS

8. In response to paragraph 8 of the FAC, Defendant TCOE hereby incorporates its responses as previously stated in paragraphs 1-7 herein above.

9. In response to paragraph 9 of the FAC, Defendant TCOE admits that Student is a ten (10) year old boy who lives with both Parents within the boundaries of the Exeter Union Elementary School District ("District"). The District admits that it is part of the Tulare County/District Special Education Local Plan Area ("SELPA") which is housed by the TCOE. Defendant TCOE denies that it acts as the administrative head of the SELPA and provides special education services for students in thirty-four school districts in the area. Defendant TCOE admits that it acts as the administrative head of the SELPA and provides special education services for students in forty-six school districts in the area.

10. In response to paragraph 10 of the FAC, Defendant TCOE admits that Student is eligible for and has been receiving special education and related services through the District and the SELPA beginning in the 2001/2002 school year. Defendant TCOE denies that Student has received special education and related services due to a diagnosis of Autism and a speech and language delay.

11. In response to paragraph 11 of the FAC, Defendant TCOE admits that on July 10, 2007, Student, by and through his counsel, sent a letter to the TCOE requesting a copy of any and all electronic mail ("email") sent or received by TCOE concerning or personally identifying Student. Defendant TCOE denies that the request was properly administered through California Education Code § 56504, 34 C.F.R. §300.613 and the IDEA's implementing regulation.

12. In response to paragraph 12 of the FAC, Defendant TCOE admits that on or about July 17, 2007, Marilyn Rankin, TCOE's Assistant Superintendent of Special Services, replied to Student's requests, indicating that TCOE was in the process of checking all emails with a variety of staff members and would

SCHOOLS LEGAL SERVICE
P.O. BOX 2445
BAKERSFIELD
CALIFORNIA
93303

Case No. 08-cv-0215 LJO-GSA

Defendant TCOE's Answer to First Amended Complaint

1  likely provide the requested information by July 27, 2007. TCOE admits that
2  Ms. Rankin's correspondence did not indicate that TCOE anticipated having any
3  problems accessing the requested electronic documents.

4      13.   In response to paragraph 13 of the FAC, Defendant TCOE admits
5  that on or about July 23, 2007, Student's counsel sent a follow-up letter to TCOE
6  requesting that the electronic records be provided in "native file format."

7      14.   In response to paragraph 14 of the FAC, Defendant TCOE is without
8  knowledge or information sufficient to form a belief as to the truth of the
9  allegations contained in paragraph 14, and on that basis, denies each and every
10 allegation contained therein.

11     15.   In response to paragraph 15 of the FAC, Defendant TCOE admits
12 that on or about August 13, 2007, Student's mother sent an email to TCOE's
13 Superintendent, Jim Vidak, again requesting that all electronic records pertaining
14 to Student either be forwarded as emails or placed on compact disc ("CD") in
15 native file format. Defendant TCOE admits that Mr. Vidak did not respond to this
16 request.

17     16.   In response to paragraph 16 of the FAC, Defendant TCOE admits
18 that Plaintiff filed a Compliance Complaint with CDE on or about
19 February 6, 2008 seeking an order. Defendant TCOE denies the remaining
20 allegations in this paragraph, specifically, that Plaintiff requested the orders as
21 stated in paragraph 16 of the FAC.

22     17.   In response to paragraph 17 of the FAC, Defendant TCOE admits
23 that CDE released its Compliance Complaint Report on or about April 1, 2008.
24 Defendant TCOE admits that CDE found Defendant TCOE out of compliance
25 because TCOE took longer than five business days to provide emails in hard
26 copy format to Plaintiff.

27     18.   Defendant TCOE denies the allegations contained in paragraph 18
28 of the FAC.

19. In response to paragraph 19 of the FAC, Defendant TCOE denies the allegation of the first sentence. Defendant TCOE admits that the CDE reasoned that the emails were not considered "educational records" that were "maintained" by the educational agency under 34 C.F.R. § 99.6.

20. In response to paragraph 20 of the FAC, Defendant TCOE admits that Plaintiff filed a Request for Clarification and Reconsideration with Defendant CDE on or about May 7, 2008. As to the other allegations contained in paragraph 20, Defendant TCOE is without knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis, denies each and every allegation contained therein. As the allegations pertain to the Request for Clarification and Reconsideration, Defendant TCOE asserts that the document speaks for itself.

21. In response to paragraph 21 of the FAC, Defendant TCOE is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21, and on that basis, denies each and every allegation contained therein. Additionally, as the allegations pertain to the Request for Clarification and Reconsideration, Defendant TCOE asserts the document speaks for itself.

22. In response to paragraph 22 of the FAC, Defendant TCOE is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22, and on that basis, denies each and every allegation contained therein. Additionally, as the allegations pertain to the Request for Clarification and Reconsideration, Defendant TCOE asserts the document speaks for itself.

23. In response to paragraph 23 of the FAC, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 23, and on that basis denies each and every allegation contained therein. Additionally, as the allegations in paragraph 23

SCHOOLS LEGAL SERVICE
P.O. BOX 2445
BAKERSFIELD
CALIFORNIA
93303

1  pertain to the Request for Clarification and Reconsideration, Defendant TCOE
2  asserts the document speaks for itself.

3      24. In response to paragraph 24 of the FAC, Defendant TCOE admits the
4  allegations contained therein.

5      25. In response to paragraph 25 of the FAC, Defendant TCOE admits
6  that on or about August 22, 2008, Plaintiff, by and through his attorneys, sent
7  correspondence to TCOE asking that the attorney's fees incurred for the
8  successful Compliance Complaint be reimbursed.

9      26. In response to paragraph 26 of the FAC, Defendant TCOE admits
10 that on or about September 19, 2008, TCOE, through its counsel, responded to
11 Plaintiff's correspondence, and cited concerns with Plaintiff's billing of attorney's
12 fees and costs and requested that Plaintiff's counsel review its request for
13 attorney's fees. Defendant TCOE denies the remaining allegation in this
14 paragraph.

15     27. In response to paragraph 27 of the FAC, Defendant TCOE admits
16 that on or about September 24, 2008, Plaintiff, again, reiterated his demand for
17 attorney's fees. Defendant TCOE alleged that in regard to the rest of the
18 allegations in paragraph 27 denies the remaining allegations contained therein.

19     28. In response to paragraph 28 of the FAC, Defendant TCOE asserts
20 that the holding of *Lucht v. Molalla River School District*, 225 F.3d 1023
21 (9th Circuit 2000) speaks for itself and on that basis, Defendant TCOE cannot
22 admit or deny the allegations contained therein.

23     29. In response to paragraph 29 of the FAC, Defendant TCOE is without
24 knowledge or information sufficient to form a belief as to the truth of the
25 allegations contained in paragraph 29, and on that basis, denies each and every
26 allegation contained therein.

27 / / /
28 / / /

SCHOOLS LEGAL SERVICE
P.O. BOX 2445
BAKERSFIELD
CALIFORNIA
93303

Case No. 08-cv-0215 LJO-GSA

Defendant TCOE's Answer
to First Amended Complaint

6

## FIRST CAUSE OF ACTION

### TCOE ALLEGEDLY FAILED TO PROVIDE THE REQUESTED "EDUCATIONAL RECORDS" AS REQUIRED BY LAW

30. In response to paragraph 30 of the FAC, Defendant TCOE hereby incorporates its responses as previously stated in paragraphs 1-29 herein above.

31. In response to paragraph 31 of the FAC, including subparagraphs (a) through (c), Defendant TCOE denies each and every allegation contained in paragraph 31.

## SECOND CAUSE OF ACTION

### PLAINTIFF REQUESTS REVERSAL OF THE DECISION RENDERED BY CDE

32. In response to paragraph 32 of the FAC, Defendant TCOE hereby incorporates its responses as previously stated in paragraphs 1-31 herein above.

33. In response to paragraph 33 of the FAC, including subparagraphs (a) through (c), Defendant TCOE denies each and every allegation contained therein.

## THIRD CAUSE OF ACTION

### PLAINTIFF REQUESTS ATTORNEY'S FEES FROM TCOE FOR SUCCESSFUL PROSECUTION OF THE COMPLIANCE COMPLAINT

34. In response to paragraph 34 of the FAC, Defendant TCOE hereby incorporates its responses as previously stated in paragraphs 1-33 herein above.

35. In response to paragraph 35 of the FAC, Defendant TCOE admits that TCOE has hereto refused to reimburse Plaintiff for the prosecution of the Compliance Complaint. Defendant TCOE denies that TCOE should be ordered to make Plaintiff whole by paying not less than $5,462.64 in reasonable attorney's fees and costs.

## AFFIRMATIVE DEFENSES

And, as affirmative defenses, Defendant TCOE alleges as follows:

SCHOOLS LEGAL SERVICE
P.O. BOX 2445
BAKERSFIELD
CALIFORNIA
93303

Case No. 08-cv-0215 LJO-GSA

Defendant TCOE's Answer
to First Amended Complaint

7

### FIRST AFFIRMATIVE DEFENSE

As and for a first, separate, and distinct affirmative defense to Plaintiff's FAC on file herein, and each and every cause of action thereof, Defendant TCOE alleges that the FAC on file herein fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

As and for a second, separate, and distinct affirmative defense to Plaintiff's FAC on file herein, and each and every cause of action thereof, Defendant TCOE alleges that at all times relevant herein, Defendant TCOE has acted in good faith.

### THIRD AFFIRMATIVE DEFENSE

As and for a third, separate, and distinct affirmative defense to Plaintiff's FAC on file herein, and each and every cause of action thereof, Defendant TCOE alleges that at all times relevant herein, Defendant TCOE exercised due care and acted only in compliance with the law.

### FOURTH AFFIRMATIVE DEFENSE

As and for a fourth, separate, and distinct affirmative defense to Plaintiff's FAC on file herein, and each and every cause of action thereof, Defendant TCOE alleges Plaintiff is not entitled to the amount of attorney's fees requested because Plaintiff is charging Defendant TCOE for attorney's fees encumbered due to litigation against the Exeter Union School District, not the TCOE.

### FIFTH AFFIRMATIVE DEFENSE

As and for a fifth, separate, and distinct affirmative defense to Plaintiff's FAC on file herein, and each and every cause of action thereof, Defendant TCOE alleges that the amount of attorney's fees sought are unreasonable, they unreasonably exceed the hourly rate prevailing in the community for similar services by attorneys of reasonably comparable skill, reputation, and experience and should be reduced accordingly.

SCHOOLS LEGAL SERVICE
P.O. BOX 2445
BAKERSFIELD
CALIFORNIA
93303

Case No. 08-cv-0215 LJO-GSA

8

Defendant TCOE's Answer to First Amended Complaint

## SIXTH AFFIRMATIVE DEFENSE

As and for a sixth, separate, and distinct affirmative defense to Plaintiff's FAC on file herein, and each and every cause of action thereof, Defendant TCOE alleges that the District made offers of settlement, and the relief, if any there be, finally obtained by the Parents was not more favorable than the offers of settlement, therefore, barring any award of attorney's fees.

## PRAYER FOR RELIEF

Wherefore, Defendant TCOE prays for relief as follows:

1. That the First Amended Complaint for Appeal from a California Department of Education Decision under the Individual with Disabilities Education Act be dismissed with prejudice and Plaintiff be ordered to take nothing thereby;

2. That judgment be entered in favor of Defendant TCOE and against Plaintiff on every cause of action contained in the FAC;

3. That Defendant TCOE recover costs; and

4. For such other and further relief as the Court deems just and proper.

Dated: January 21, 2009

SCHOOLS LEGAL SERVICE

By: /s/ Stacy L. Inman
STACY L. INMAN
Assistant General Counsel
Attorneys for Defendant
Tulare County Office of Education