1

2

3

4        **IN THE UNITED STATES DISTRICT COURT**

5        **FOR THE EASTERN DISTRICT OF CALIFORNIA**

6

7   S.A. a minor by and through her parents,          CASE NO. CV F 08-1215 LJO GSA
    and guardian ad litem, L.A. and M.A.

8                           Plaintiff,          **ORDER ON DEFENDANT'S 28 U.S.C. §**
                                                **1292(b) MOTION FOR INTERLOCUTORY**
9        vs.                                    **APPEAL**
                                                (Doc. 35)
10  TULARE COUNTY OFFICE OF
11  EDUCATION and CALIFORNIA
    DEPARTMENT OF EDUCATION,
12
                           Defendants.
13  _____/

14                          **INTRODUCTION**

15        Defendant Tulare County Office of Education ("Tulare Education") seeks an interlocutory appeal

16  of this Court's orders to deny dismissal of plaintiff S.A.'s ("Student's") claims to reverse decisions of

17  defendant California Department of Education ("CDE") regarding Tulare Education's failure to produce

18  educational records.  Student opposes an interlocutory appeal in that Tulare Education fails to establish

19  "required prerequisites for an interlocutory appeal."  This Court considered Tulare Education's

20  interlocutory appeal motion on the record[1] and VACATES the February 17, 2009 hearing, pursuant to

21  Local Rule 78-230(h).  For the reasons discussed above, this Court DENIES Tulare Education an

22  interlocutory appeal of this Court's orders denying dismissal.

23                          **BACKGROUND**

24                  **Student's Request For Records**

25        Student is a 10-year old boy and has received special education services due to his autism and

26  _____

27        [1]      On February 9, 2009, CDE's reply (doc. 38) to Student's opposition to CDE's F.R.Civ.P. 12 motion was
    refiled.  This Court considered CDE's reply (doc. 27) shortly after it was filed on December 26, 2008 in connection with
28  CDE's F.R.Civ.P. 12 motion.  This Court surmises that CDE's reply (doc. 38) was mistakenly refiled and strikes it as so.

speech and language delay.  In summer 2007, Student requested Tulare Education for all email sent or received by Tulare Education "concerning or personally identifying Student."  Tulare Education provided limited emails and indicated that older emails had been purged.

In 2008, Student filed a compliance complaint for CDE to order Tulare Education to provide Student's "educational records," including emails and to request a CDE finding that the requested records were destroyed without parental notification or consent if Tulare Education could not produce the educational records.  CDE found that Tulare Education was not required to notify parents prior to "purging" emails related to Students on grounds that the emails are not "educational records" to be maintained under 34 C.F.R. § 99.6.  In response to Student's request for clarification and reconsideration, CDE issued a report which found no inconsistencies with its prior findings and stated: "Any further disagreement with the report can be appropriately addressed in a court of competent jurisdiction."

### Student's Claims

On August 15, 2008, Student filed this action and proceeds on his FAC to allege:

1. A first cause of action that Tulare Education failed to provide Student's complete "educational record" in violation of federal and state law by failing to provide all emails regarding Student and destroying them without parental notification or consent in violation of 34 C.F.R. § 300.624;

2. A second cause of action to: (a) reverse CDE findings that emails are not "educational records" to be maintained by the educational agency and that Tulare Education was in compliance; and (b) require CDE to take "appropriate corrective actions"; and

3. A third cause of action to reimburse attorney fees not less than $5,462.64 for "successful prosecution of the compliance complaint."

The FAC seeks this Court's:

1. Reversal of CDE's decision;

2. Findings that Tulare Education violated federal and state laws to maintain and to provide Student's "educational records" and that emails not produced by Tulare Education were Student's "educational records" to be "maintained" under 34 C.F.R. § 99.6;

2

1      3.      Order that Tulare Education provide Student's existing records which should have been

2              produced pursuant to an initial July 10, 2007 request;

3      4.      Order that Tulare Education notify parents when it intends to destroy Student's

4              "educational records"; and

5      5.      Award of \$5,462.64 attorney fees for "successful prosecution of the compliance

6              complaint."

7  **Denial Of Dismissal Of Student's Claims**

8        CDE and Tulare Education filed separate F.R.Civ.P. 12 motions to dismiss Student's claims for

9  failure to exhaust administrative remedies and as unrecognized under the Individuals with Disabilities

10  Education Act ("IDEA"), 20 U.S.C. §§ 1400, et seq.  CDE and Tulare Education take the position that

11  Student's claims arise from a "complaint resolution process" ("CRP") which is handled by CDE

12  pursuant to 34 C.F.R. §§ 300.151-300.153.  CDE and Tulare Education contend that 34 C.F.R. §§

13  300.151-300.153 do not provide for a private action, such as Student's action here.  According to CDE

14  and Tulare Education, this Court lacks subject matter jurisdiction due to Student's failure to pursue an

15  administrative remedy provided by the Family and Educational Rights Act ("FERPA") and failure to

16  allege denial of a free appropriate public education ("FAPE") under IDEA.  CDE and Tulare Education

17  conclude that no private right of action exists under IDEA regarding CPR procedures provided in the

18  regulations and that CDE "should have primary responsibility for administering the program in

19  question."  In sum, CDE and Tulare Education contend that this Court is an improper forum to determine

20  Student's claims.

21        This Court's January 5 and 6, 2009 orders denied CDE and Tulare Education's separate

22  F.R.Civ.P. 12 motions to dismiss.  This Court noted that "CDE and Tulare Education attempt to

23  mischaracterize Student's claim as a FERPA violation or an unexhausted IDEA claim." This Court

24  further noted:

25          CDE and Tulare Education point to no binding authority to deny Student a private right
        of action.  In fact, CDE apparently recognized Student's private right of action given its

26          direction in its May 19, 2008 reconsideration report that "[a]ny further disagreement with
        the report can be appropriately addressed in a court of competent jurisdiction."  CDE

27          cannot at the administrative level indicate that a court action is available and later before
        a court indicate it is not.

28

1    Tulare Education disagrees with this Court's determination and argues that IDEA "requires that

2    this matter be handled by the CDE and/or through an administrative due process hearing" in that

3    "Congress did not provide for an appeal to the federal courts for a decision on a complaint to state

4    educational agency."

5                                        **DISCUSSION**

6                              **Interlocutory Appeal Certification**

7    Tulare Education asks this Court to certify an interlocutory appeal of the orders denying

8    dismissal in that the orders involve "a controlling question of law as to which there is a substantial

9    ground for difference of opinion."  Student responds that Tulare Education fails to satisfy "required

10   prerequisites for an interlocutory appeal."

11   When an issue is unresolved and interlocutory resolution could materially advance the

12   termination of the litigation, 28 U.S.C. §1292(b) ("section 1292(b)") permits the district court judge to

13   certify the question:

14        (b) When a district judge, in making in a civil action an order not otherwise
          appealable under this section, shall be of the opinion that such order involves a
15        controlling question of law as to which there is substantial ground for difference of
          opinion and that an immediate appeal from the order may materially advance the ultimate
16        termination of the litigation, he shall so state in writing in such order. . .

17   Section 1292(b) provides for interlocutory appeals from otherwise not immediately appealable

18   orders, if conditions specified in the section are met, the district court so certifies, and the court of

19   appeals exercises its discretion to take up the request for review. *Caterpillar Inc. v. Lewis*, 519 U.S. 61,

20   74, n. 10, 117 S.Ct. 467 (1996).  Section 1292(b) requires a two step application process; step one is

21   before the district court for certification of the order, and step two is before the court of appeals for

22   permission to appeal.  The certification is discretionary within the power of the trial judge.  S.Repr.

23   2434, 85th Cong., 2d Sess., 1958, in 1958 U.S. Code Cong. & Admin. News 5255, 5257.  Indeed, the

24   appellate court will not consider the appeal absent  written certification by the district court.  *Credit*

25   *Suisse v. U.S. District Ct.*, 130 F.3d 1342, 1346 (9th Cir. 1997).  A party must obtain certification from

26   both the district court and the court of appeals to bring an interlocutory appeal.  *City of Los Angeles,*

27   *Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 885 (9th Cir. 2001).  As such, this Court has the

28   authority to entertain the petition for certification of an order for interlocutory order because certification

4

1  by the district court is the first step in section 1292(b) procedure.

2      A district court may amend its order to add findings for an interlocutory appeal.  F.R.App.P. 5

3  governs appeals by permission under section1292(b):

4      (a) Petition for Permission to Appeal

5          . . .

6          (3) If a party cannot petition for appeal unless the district court first enters an
   order granting permission to do so or stating that the necessary conditions are met, the
7  district court may amend its order, either on its own or in response to a party's motion,
   to include the required permission or statement.

8

9  If a district court determines to certify an order for interlocutory appeal after the order is initially entered,

10  the proper procedure is to amend the order to contain the required certification.  *Haas v. Pittsburgh Nat.*

11  *Bank*, 627 F.2d 677, 679 n.1 (3d Cir. 1980). A certification order that is not directly framed as an

12  amendment of the original order, however, may be treated as an amendment nonetheless.  *Haas*, 627

13  F.2d at 679 n.1.

14      Tulare Education requests this Court to amend its orders denying dismissal to permit it to pursue

15  an appeal pursuant to section 1292(b).

16              **<u>Section 1292(b) Requirements</u>**

17      Section 1292(b) requires that "resolution of a controlling legal question would serve to avoid a

18  trial or otherwise substantially shorten trial."  *McFarlin v. Conesco Services, LLC*, 381 F.3d 1251, 1259

19  (11th Cir. 2004).  Section 1292(b) imposes three criteria that must be met before a district court may

20  certify an interlocutory appeal: the order must state "(1) that there is a controlling question of law, (2)

21  that there is substantial grounds for difference of opinion, and (3) that an immediate appeal may

22  materially advance the ultimate termination of the litigation."  *In re Cement Antitrust Litig. (MDL No.*

23  *296)*, 673 F.2d 1020, 1026 (9th Cir. 1982), *aff'd*, 459 U.S. 1190 (1983); 28 U.S.C. §1292(b); *Katz v.*

24  *Carte Blanche Corp.*, 496 F.2d 747, 754 (3d Cir.), *cert. denied*, 419 U.S. 885, 95 S.Ct. 152, 42 L.Ed.2d

25  125 (1974).

26      "Section 1292(b) is meant to be used sparingly, and appeals under it are, accordingly, hen's-teeth

27  rare."  *Camacho v. Puerto Rico Ports Authority*, 369 F.3d 570, 573 (1st Cir. 2004).  "Because permitting

28  piecemeal appeals is bad policy, permitting liberal use of § 1292(b) interlocutory appeals is bad policy."

1    *McFarlin*, 381 F.3d at 1259. "Congress did not intend 28 U.S.C. § 1292(b) to serve an error-correction

2    function." *Weber v. U.S. Trustee*, 484 F.3d 154, 159, n. 3 (2nd Cir. 2007). Only "exceptional

3    circumstances justify departure from the basic policy of postponing appellate review until after the entry

4    of a final judgment." *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 475, 98 S.Ct. 2454 (1978).

5            This Court next turns to the criteria for a section 1292(b) appeal of its orders denying dismissal.

6                                   **Controlling Question Of Law**

7            An order is "controlling" if its resolution could materially affect the outcome of the litigation.

8    *In re Cement Antitrust Litig. (MDL No. 296)*, 673 F.2d at 1026 (trial judge's recusal is a collateral issue).

9    Section 1292(b) appeals should be reserved for "situations in which the court of appeals can rule on a

10   pure, controlling question of law without having to delve beyond the surface of the record in order to

11   determine the facts." *McFarlin*, 381 F.3d at 1259. "The antithesis of a proper § 1292(b) appeal is one

12   that turns on whether there is a genuine issue of act . . ." *McFarlin*, 381 F.3d at 1259. "The legal

13   question must be stated at a high enough level of abstraction to lift the question out of the details of the

14   evidence or facts of a particular case and give it general relevance to other cases in the same area of

15   law." *McFarlin*, 381 F.3d at 1259.

16           Tulare Education identifies the controlling question of law as whether IDEA and its regulations

17   provide for a private right of action regarding a CRP to complain of purged records given the

18   "dichotomy" between the IDEA's express provision of a due process hearing and the absence of a CRP

19   appeal process to federal courts. Student notes that the issue is "whether this Court erred in its holding

20   that a complainant can appeal to federal court decisions made under the complaint resolution procedure

21   ("CRP") when the complainant is requesting his educational records held by the local educational

22   agency."

23           Tulare Education argues that this Court "misapplied" IDEA and it regulations to recognize a

24   plaintiff's right to appeal a CRP to federal court. Tulare Education contends that the issue of an appeal

25   to a CRP to federal court is an issue worthy of the Ninth Circuit Court of Appeals' determination by

26   interlocutory appeal.

27           Student disagrees that the orders denying dismissal involve a controlling issue of law in that

28   "there is a dispute over the facts." Student notes that "he is not making a FERPA claim but is requesting

                                              6

his educational records under the IDEA and its implementing regulations." Student points to the "factual

dispute" arising from CDE's indication that "further disagreement . . . can be appropriately addressed

in a court of competent jurisdiction." Student concludes that the facts are too intertwined with the law

to avoid a "pure" legal question for Ninth Circuit determination.

This Court agrees with Student. CDE created a factual issue with its statement: "Any further

disagreement with the report can be appropriately addressed in a court of competent jurisdiction." Such

factual issue prevented F.R.Civ.P 12 dismissal and prompted this Court's comment that "CDE cannot

at the administrative level indicate that a court action is available and later before a court indicate it is

not." Factual issues exist as to how CDE and Tulare Education characterized Student's complaint and

corresponding treatment of it. CDE's statement indicates that it concluded that Student could proceed

to federal court. As such, the record must be delved into beyond's its surface to prevent a section

1992(b) appeal.

**Difference Of Opinion**

As to a difference of opinion, Tulare Education notes that it and Student "are at diametric odds

in their opinions as to whether this Court has jurisdiction." Student responds that Tulare Education fails

to cite "conflicting or contradictory legal opinion to prove that this Court's ruling" was erroneous.

Student argues that the absence of Ninth Circuit precedent is insufficient to demonstrate a substantial

ground for difference of opinion.

"In determining whether to grant review, we should ask if there is substantial dispute about the

correctness of any of the pure law premises the district court actually applied in its reasoning leading to

the order sought to be appealed." *McFarlin*, 381 F.3d at 1259. When an appellate court is in "complete

and unequivocal" agreement with a district court, there is no "substantial ground for difference of

opinion." *McFarlin*, 381 F.3d at 1258. "[S]ubstantial ground for difference of opinion does not exist

merely because there is a dearth of cases." *White v. Nix*, 43 F.3d 374, 378 (8th Cir. 1994). In addition,

"the mere presence of a disputed issue that is a question of first impression, standing alone, is

insufficient to demonstrate substantial ground for difference of opinion." *In re Flor*, 79 F.3d 281, 284

(2nd Cir. 1996). A district court has a duty "to analyze the strength of the arguments in opposition to the

challenged ruling when deciding whether the issue for appeal is truly one on which there is a substantial

1   ground for dispute." *Max Daetwyler Corp. v. Meyer*, 575 F.Supp. 280, 283 (E.D. Pa. 1983).

2   _____Tulare Education fails to demonstrate a substantial difference of opinion on the issue of a CRP

3   appeal to federal court. Tulare Education relies on the difference between its and Student's views. An

4   analysis of Tulare Education's arguments does not give rise to a substantial ground for dispute.

5   Although the Ninth Circuit may address ultimately the issue of a CRP appeal to federal court, now is

6   not the time based on existence of factual issues.

7   **Material Advancement**

8   Tulare Education claims that a section 1292(b) appeal in its favor would end this litigation for

9   lack of jurisdiction to materially advance it. Tulare Education argues that the issues of a CRP appeal

10  to federal court involves "expenditure of substantial time, money and effort because should [Tulare

11  Education's] appeal not be certified, the matter will proceed to discovery, likely summary judgment

12  motions, and hearing, after which, the Court's Orders may be appealed." Tulare Education contends that

13  an interlocutory appeal permits the Ninth Circuit "to finally decide the issue."

14  Student disagrees in that this action may be resolved quickly with limited discovery and summary

15  judgment motions. Student accuses Tulare Education of "delay tactics" and "increasing litigation costs."

16  A party seeking interlocutory certification must show that an immediate appeal may "materially

17  advance," rather than impede or delay, ultimate termination of the litigation. *In re Cement Antitrust*

18  *Litig. (MDL No. 296)*, 673 F.2d at 1026. "When litigation will be conducted in substantially the same

19  manner regardless of our decision, the appeal cannot be said to materially advance the ultimate

20  termination of the litigation." *White*, 43 F.3d at 378-379.

21  Tulare Education essentially asks this Court to gamble that this Court's decision is incorrect and

22  that the Ninth Circuit will rule in Tulare Education's favor to correct the error. Tulare Education fails

23  to persuade this Court that a section 1292(b) appeal will materially advance this action. A section

24  1292(b) appeal would increase chances of delay. There is no assurance that the Ninth Circuit would

25  accept an appeal. If the Ninth Circuit ruled against Tulare Education, there would most likely be a

26  remand to this Court to promote delay. Student correctly notes that the matters in dispute can be

27  resolved expeditiously with limited discovery and a summary judgment motion. An orderly appeal can

28  be taken from an entered judgment.

1

## CONCLUSION AND ORDER

2        For the reasons discussed above, this Court DENIES Tulare Education a section 1292(b) appeal

3   of the orders denying dismissal and DIRECTS the clerk to strike CDE's reply (doc. 38) as a redundant

4   filing.

5        IT IS SO ORDERED.

6   **Dated:   February 10, 2009**          **/s/ Lawrence J. O'Neill**
                                             UNITED STATES DISTRICT JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28