**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| S.A., a minor by and through his parents, L.A. and M.A.,<br><br>Plaintiff,<br><br>vs.<br><br>Tulare County Office of Education, and California Department of Education,<br><br>Defendants.<br>_____ / | CASE NO. 08-CV-1215 LJO GSA<br><br>**SCHEDULING CONFERENCE ORDER**<br><br>Lodging of:<br>Adm. Record           April 17, 2009<br><br>Discovery Cutoff:    May 15, 2009<br><br>Pretrial<br>Motion Filing<br>Deadline:             May 29, 2009<br><br>Opposition to<br>Pretrial Motion:      June 19, 2009<br><br>Reply to Opp.        July 2, 2009<br><br>Hearing for<br>Pretrial Motions:     July 23, 2009<br>                      Time: 8:30 a.m.<br>                      Courtroom 4 (LJO)<br><br>Settlement<br>Conference:           May 7, 2009<br>                      Time: 10:30 am<br>                      Courtroom 10 (GSA) |

This Court conducted a scheduling conference on February 18, 2009. Counsel Richard Isaacs appeared telephonically on behalf of Plaintiff, S.A. Stacy Inman, appeared telephonically on behalf of Defendant, Tulare County Office of Education. Terri McFarland appeared telephonically on behalf of Defendant California Department of Education. Pursuant to F.R.Civ.P. 16(b), this Court sets a schedule for this action.

///

1

**1.     Amendment To The Parties' Pleadings**

The parties propose no further amendment to their respective pleadings.

**2.     Consent To Magistrate Judge**

All parties do not consent to the conduct of further proceedings, including trial and entry of judgment, by a United States Magistrate Judge.  Due to this Court's heavy caseload and its effect to hold to scheduled dates, the parties are encouraged to consent to conducting further proceedings by a United States Magistrate Judge.

**3.     Lodging of Administrative Record**

Plaintiff's counsel agrees that he will lodge the administrative record **no later than April 17, 2009.**

**4.     Discovery Cutoffs And Limits**

All discovery shall be completed no later than **May 15, 2009.**

**5.     Pretrial Motion Schedule**

The parties have indicated that this matter will likely be adjudicated through cross motions for summary judgment and that a pre-trial conference or trial will not be needed.  All dispositive pretrial motions shall be served <u>and filed</u> no later than **May 29, 2009.**  Any opposition to the motions shall be served <u>and filed</u> on later than **June 19, 2009.**  Any replies shall be served <u>and filed</u> no later than **July 2, 2009.**  A hearing on any dispositive motions will be heard on **July 23, 2009 at 8:30** am by the Honorable Lawrence J. O'Neill in Courtroom 4.  The court will set dates for a pretrial conference or trial at the time of the hearing if it is determined to be is necessary.

If the parties determine that any non-dispositive motions are needed, these motions are heard on Fridays at 9:30 a.m., before the Honorable Gary S. Austin, United States Magistrate Judge in Courtroom 10.  **Counsel  must comply with Local Rule 37-251 with respect to discovery disputes or the motion will be denied without prejudice and dropped from calendar.**

In scheduling such motions, the Magistrate Judge may grant applications for an order shortening time pursuant to Local Rule 6-142(d).  However, if a party does not obtain an order shortening time, the notice of motion *must* comply with Local Rule 37-251.

Counsel or pro se parties may appear and argue non-dispositive motions by telephone, providing

2

a written request to do so is made to the Magistrate Judge's Courtroom Clerk no later than five (5) court days before the noticed hearing date. In the event that more than one party requests to appear by telephone then it shall be the obligation of the moving part(ies) to arrange and originate a conference call to the Court.

**6.     Mandatory Settlement Conference**

At the request of the parties, a settlement conference will be held on **May 7, 2009 at 10:30 am** before the Honorable Gary S. Austin in Department 10. Unless otherwise permitted in advance by the Court, <u>the attorneys who will try the case</u> shall appear at the settlement conference <u>with the parties and the person or persons having full authority</u> to negotiate and settle the case, on any terms, at the conference.

**No later than seven days prior to the settlement conference**, each party shall submit <u>directly to the Judge Austin's chambers</u> at gsaorders@caed.uscourts.gov, a confidential settlement conference statement. This statement <u>should neither be filed with the clerk of the Court nor served on any other party</u>. Each statement shall be clearly marked "CONFIDENTIAL" with the date and time of the mandatory settlement conference indicated prominently. Counsel are urged to request the return of their statements. If such request is not made, the Court will dispose of the statement.

The confidential settlement conference statement shall include the following:

A.     A brief statement of the facts of the case;

B.     A brief statement of the claims and defenses (i.e., statutory or other grounds upon which the claims or defenses are based), a forthright evaluation of the parties' likelihood of prevailing on the claims and defenses, and a description of the major issues in dispute;

C.     A summary of the proceedings to date;

D.     An estimate of the cost and time to be expended for further pretrial and trial matters, including discovery;

E.     The relief sought; and

F.     The party's position on settlement, **including the amount which the party will accept to settle, realistic settlement expectations**, present demands and offers, and a history of past settlement discussions, offers, and demands.

1  This Court will vacate the settlement conference if the Court finds the settlement conference will
2 be neither productive nor meaningful to attempt to resolve all or part of this case.  As far in advance of
3 the settlement conference as possible, a party shall inform the Court and other parties that it believes the
4 case is not in a settlement posture so the Court may vacate or reset the settlement conference.  Otherwise
5 the parties shall proceed with the settlement conference in good faith to attempt to resolve all or part of
6 the case.

7  **7.  Effect Of This Order**

8  This order represents the best estimate of the Court and parties as to the agenda most suitable to
9 dispose of this case.  If the parties determine at any time that the schedule outlined in this order cannot
10 be met, the parties are ordered to notify the Court immediately of that fact so that adjustments may be
11 made, either by stipulation or by subsequent status conference.  Stipulations extending the deadlines
12 contained herein will not be considered unless they are accompanied by affidavits or declarations with
13 attached exhibits, where appropriate, which establish good cause for granting the relief requested.

14  Failure to comply with this order shall result in the imposition of sanctions.

16  **IT IS SO ORDERED.**

17  Dated:   **February 25, 2009**            /s/ **Gary S. Austin**
                                            **UNITED STATES MAGISTRATE JUDGE**