IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| S.A. a minor by and through his parents, and guardian ad litem, L.A. and M.A.,<br><br>    Plaintiff,<br><br>    vs.<br><br>TULARE COUNTY OFFICE OF EDUCATION and CALIFORNIA DEPARTMENT OF EDUCATION,<br><br>    Defendants.<br>_____/ | CASE NO. CV F 08-1215 LJO GSA<br><br>**ORDER ON SUMMARY JUDGMENT OF STUDENT'S FIRST CAUSE OF ACTION AGAINST TULARE COUNTY OFFICE OF EDUCATION** |

**INTRODUCTION**

Plaintiff S.A.'s ("Student's") action is based on his assertion that Tulare County Office of Education ("TCOE") violated federal and state law by failing to provide Student with requested emails and for destroying emails without parental notification and consent. In its Order on Cross-Motions for Summary Judgment ("Cross-MSJ Order"), this Court found that emails that were not maintained in Student's permanent file by TCOE were not "education records" within the meaning of the IDEA. Cross-MSJ Order, 7-10. (Doc. 84). Accordingly, based on reasoning set forth in this Court's Cross-MSJ Order, the Court ordered Student to show cause why it should not enter judgment against Student and in favor of TCOE on Student's first cause of action. Student responded to this Court's order to show cause on October 5, 2009. For the following reasons, this Court enters judgment against Student and in favor of TCOE on Student's first cause of action.

**UNDISPUTED FACTS**

Student is eligible for, and has received, special education.  Student and his parents live within a school district for which TCOE acts as the administrative head.

**Student's Request For Records**

On July 10, 2007, Student requested that TCOE s"a copy of any and all electronic mail sent or received by the Department concerning or personally identifying" Student.  Administrative Record ("AR") at 90.  Student semt a July 23, 2007 letter that to request further that TCOE "provide the email documents in their native file format rather than printed pages." AR at 94.  In a July 25, 2007 response, TCOE sent Student hard copies of emails that had been printed and placed in Student's permanent file. TCOE advised Student that "the enclosed emails could not be sent electronically as they have been purged and are made only available as hard copies within the file." AR at 96.  Student's mother emailed TCOE, to request again that TCOE forward all electronic records pertaining to Student as emails or placed on a compact disc in native file format.  AR at 86, 98.  TCOE did not respond to this request.

**Compliance Complaint**

On February 6, 2008, Student filed a compliance complaint with California DOE to allege two causes of action against TCOE: (1) failure to provide a full and complete copy of all emails concerning or personally identifying Student pursuant to its obligation under California Code of Education §56504; and (2) unlawful destruction of Student's records without parental notification or consent in violation of 34 C.F.R. §300.624(a) when it unilaterally "purged" original electronic files. AR at 79-85.

In its April 1, 2008 Compliance Complaint Report, amended on April 24, 2008, California DOE found that TCOE  was in compliance in count one, but out of compliance in count two.  As to count one, California DOE concluded that TCOE was out of compliance because it failed to provide the requested documents within 5 days.  AR at 31, 39.  As to count two, California DOE concluded:

> The COE provided hard copies of the student's records. The Complainant acknowledged receiving a "stack of documents containing e-mails with dates ranging from 2006 through 2007." The COE is not required to notify the Complainant before purging e-mails related to the student as the e-mails are not considered "educational records" that are "maintained" by the educational agency under 34 CFR Section 99.6.  **The COE is in compliance.**

AR at 32, 40 (emphasis in original).

Student filed a request for clarification and reconsideration of California DOE's Compliance Complaint Report. AR at 4-7. In the request for clarification and reconsideration, Student asked whether California DOE determined all records requested by Student were produced. In addition, Student sought reconsideration to determine whether TCOE had destroyed requested records and to declare that TCOE was out of compliance for failing to inform Student's parents that Student's records were to be purged. In response to Student's request for clarification and reconsideration, California DOE issued a report that found no inconsistencies with its prior findings. AR at 1.

## PROCEDURAL HISTORY

### Student's Claims

Student initiated this action on August 15, 2008. In his first amended complaint ("FAC"), Student alleged: (1) A first cause of action against TCOE, claiming that TCOE failed to provide Student's complete "education record" in violation of federal and state law by failing to provide all emails regarding Student and destroying them without parental notification or consent in violation of 34 C.F.R. § 300.624; (2) A second cause of action against California DOE to: (a) reverse California DOE's findings that emails are not "education records" to be maintained by the educational agency and that TCOE was in compliance; and (b) require California DOE to take "appropriate corrective actions"; and (3) A third cause of action against TCOE to reimburse attorney fees not less than $5,462.64 for "successful prosecution of the compliance complaint."

### Cross-Motions for Summary Judgment and Order to Show Cause

The parties contemplated that Student's claims would be resolved on motion for summary judgment. While Student and California DOE moved for summary judgment, TCOE failed to moved move for summary judgment on its behalf. TCOE's inexplicable failure to abide by the February 25, 2009 Scheduling Order placed the posture of this case in a unique procedural position because Student's first cause of action remained live. Thus, although this Court denied Student's summary judgment motion on Student's first cause of action, this Court could not enter judgement in TCOE's favor. Based on this Court's ruling in its Cross-MSJ Order, this Court ordered Student to show cause why it should not enter judgment in favor of TCOE and against Student on Student's first cause of action. Cross-MSJ Order, 15.

## DISCUSSION

### Summary Judgment Standards

On summary judgment, a court must decide whether there is a "genuine issue as to any material fact." Fed. R. Civ. P. 56(c); *see also, Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). "[D]istrict courts are widely acknowledged to possess the power to enter summary judgments *sua sponte*, so long as the losing party was on notice that she had to come forward with all of her evidence."*Celotex Corp. v. Catrett*, 477 U.S. 317, 326 (1986). Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The nonmoving party must "go beyond the pleadings and by her own affidavits, or by depositions, answer to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Celotex*, 477 U.S. at 324. Fed. R. Civ. P. 56(e) requires a party opposing summary judgment to "set out specific facts showing that there is a genuine issue for trial. If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party." "In the absence of specific facts, as opposed to allegations, showing the existence of a genuine issue for trial, a properly supported summary judgment motion will be granted." *Nilsson, Robbins, et al. v. Louisiana Hydrolec*, 854 F.2d 1538, 1545 (9th Cir. 1988).

### Student's First Cause of Action

In his first cause of action, Student asserts that TCOE failed to provide Student's complete "education record" in violation of federal and state law by failing to provide all emails regarding Student and destroying them without parental notification or consent. Student's opposition to this Court's order to show cause reads, in its entirety, "Plaintiff points to the arguments and evidence included with his Motion for Summary Judgment. Plaintiff further directs the Court's attention to the case authority included in his Request for Judicial Notice." Student's Opposition, 2. Because Student offers no new arguments or evidence, and relies on arguments and authority previously considered by this Court, Student fails to show cause why judgement should not be entered against him on his first cause of action against TCOE, for the reasons set forth below.

In its Cross-MSJ Order, the Court found that TCOE was not required to provide Student with

emails that TCOE did not maintain, and Student provided no evidence that TCOE destroyed education records without parental notification or consent. As to the definition of "education records," this Court ruled:

> The plain language of the statute and regulation that define "education records" 20 U.S.C. §1232g(a)(4)(A), and the regulation, 34 C.F.R. §99.3: an email is an education record only if it *both* contains information related to the student *and* is maintained by the educational agency. Conversely, an email that is not maintained by the educational agency is not an education record.
>
> Student asserts that "e-mails, whether printed and in hard copy or in electronic format, which specifically reference him are 'educational [sic] records' and must be provided pursuant to the IDEA's regulations." Student's Memo., 5. Student's position erroneously ignores the statutory requirement that an email must be also be maintained. Thus, emails, whether in hard copy or in electronic format, may be education records so long as the educational institution maintains them.

Cross-MSJ Order, 7. Thus, Student's interpretation of the definition of "education record" erroneously ignored the requirement that an email that identifies Student must also be "maintained" by the educational agency. In addition, the Court ruled that TCOE did not "maintain" the challenged emails within the meaning of the IDEA:

> [T]the Court finds that California DOE correctly determined that emails that are not in Student's permanent file are not "maintained" by TCOE. Emails, like assignments passed through the hands of students, have a fleeting nature. An email may be sent, received, read, and deleted within moments. As such, Student's assertion–that all emails that identify Student, whether in individual inboxes or the retrievable electronic database, are maintained "in the same way the registrar maintains a student's folder in a permanent file"–is "fanciful." *Owasso*, 534 U.S. at 433. Like individual assignments that are handled by many student graders, emails may appear in the inboxes of many individuals at the educational institution. FERPA does not contemplate that education records are maintained in numerous places. As the Court set forth above, "Congress contemplated that education records would be kept *in one place with a single record of access*." *Id*. at 434 (emphasis added). Thus, California DOE's position that emails that are printed and placed in Student's file are "maintained" is accordant with the case law interpreting the meaning of FERPA and the IDEA. *Id*. ("The word 'maintain' suggests FERPA records will be kept in a filing cabinet in a records room at the school or on a permanent secure database.").

Cross-MSJ Order, 9-10 (emphasis in original). Finally, the Court determined that Student's argument that Student's claim that TCOE unlawfully "purged" emails without the notice and consent of Student's parents failed as a matter of law:

> Pursuant to 34 C.F.R. §300.624, TCOE "must inform parents when personally identifiable information collected, maintained, or used under this part is no longer needed to provide services to the child." Student's argument that TCOE maintained emails electronically is unsubstantiated. In addition, Student's argument that TCOE "maintains"

5

emails in inboxes and TCOE's server also fails.  Accordingly, Student has failed to demonstrate that TCOE purged any emails that personally identify Student and that was maintained by TCOE.

Based on this analysis, this Court concluded as follows:

> Pursuant to the applicable statute and regulation, TCOE was required to provide for inspection only those emails that personally identify Student and are maintained by TCOE.  Student offers no evidence that TCOE failed to provide for inspection emails that were maintained in Student's file.  Student admits that TCOE provided a "stack" of emails from 2006 and 2007 that were printed out and kept in Student's file.  Moreover, the evidence that TCOE maintains Student's records in hard copy in Student's permanent file is not controverted.  Student provides no evidence that TCOE maintains records electronically. Because TCOE was obligated to provide for inspection education records, *see,* 34 C.F.R. §300.613, and the evidence supports California DOE's position that TCOE provided Student with the emails that TCOE maintained, this Court upholds California DOE's conclusion that TCOE was compliant with the applicable state and federal education laws.  Accordingly, Student's first and second claims fail, and California DOE is entitled to summary judgment in its favor.

Cross-MSJ Order, 10.

For these reasons, this Court finds that Student's first cause of action against TCOE fails as a matter of law.  Accordingly, judgment shall be entered against Student and in favor of TCOE on Student's first cause of action.

## CONCLUSION AND ORDER

For the reasons discussed above, this Court:

1. GRANTS summary judgment against plaintiff and in favor of defendant Tulare County Office of Education on plaintiff's first cause of action; and

2. ORDERS the parties, **no later than October 13, 2009**, to file a joint proposed Judgment based on this order and the Court's Cross-MSJ Order.  If the parties cannot agree on a joint proposed Judgment, the parties shall each file a proposed Judgment no later than **October 13, 2009,** and objections to proposed Judgment no later than **October 14, 2009 at noon**.

IT IS SO ORDERED.

**Dated:   October 5, 2009**               /s/ Lawrence J. O'Neill
                                           UNITED STATES DISTRICT JUDGE