1
2
3
4
5
6
7
8              **IN THE UNITED STATES DISTRICT COURT**

9              **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11    S.A. a minor by and through his parents,                CASE NO. CV F 08-1215 LJO GSA
      and guardian ad litem, L.A. and M.A.,
12
                             Plaintiff,                       **ORDER ON PLAINTIFF'S MOTION FOR**
13                                                            **ATTORNEYS' FEES** (Docs. 91)

14              vs.

15    TULARE COUNTY OFFICE OF
      EDUCATION and CALIFORNIA
16    DEPARTMENT OF EDUCATION,

17                             Defendants.
                                                        /
18    _____

19                                    **INTRODUCTION**

20              In this Individuals with Disabilities Education Act ("IDEA") action, Plaintiff S.A. ("Student")

21    moves for an award attorneys fees pursuant to 20 U.S.C. §1415(i)(3)(B).  Student contends that his

22    counsel "has incurred no less than $47,571.00 in attorneys' fees and costs for the prosecution of this

23    matter."  Student seeks an award of half of the total fees incurred, for a total of $23,785.50.  Because

24    of the limited degree of success on his claims, and for the following further considerations, this Court

25    reduces Student's attorneys' fees request by 90%.  Accordingly, this Court awards Student $4,497.10

26    in attorneys fees.

27                                    **BACKGROUND**

28              Student is a 10-year old boy who is eligible for, and has received, special education services due

                                              1

to his autism and speech and language delay.  Student and his parents live within an area administered by TCOE.  Student requested TCOE to provide all records identifying Student, including emails in their native file format.  In response to the request, TCOE provided printed emails that were kept in Student's permanent file, but explained that it was unable to provide emails in native file format and did not keep emails that were not printed and placed in Student's file.  Student initiated administrative proceedings against TCOE for failure to provide all emails identifying Student in their native file format.

## Compliance Complaint

On February 6, 2008, Student filed a compliance complaint with California DOE to allege two causes of action against TCOE: (1) failure to provide a full and complete copy of all emails concerning or personally identifying Student pursuant to its obligation under California Code of Education §56504; and (2) unlawful destruction of Student's records without parental notification or consent in violation of 34 C.F.R. §300.624(a) when it unilaterally "purged" original electronic files.

In its April 1, 2008 Compliance Complaint Report, amended on April 24, 2008, California DOE found that TCOE  was out of compliance in count one, but in compliance in count two. California DOE's out-of-compliance ruling did not rely on Student's claims; rather, California DOE found that TCOE failed to provide records within 5 days, as required by regulation.  Student filed a request for clarification and reconsideration of California DOE's Compliance Complaint Report.  California DOE denied Student's motion for reconsideration.  On August 22, 2008, Student demanded TCOE to pay attorneys fees for the successful claims in the compliance complaint.  TCOE disputed the request.

## Federal Action

Student initiated this action on August 15, 2008, and proceeded on his first amended complaint to allege: (1) A first cause of action against TCOE, claiming that TCOE failed to provide Student's complete "education record" in violation of federal and state law by failing to provide all emails regarding Student and destroying them without parental notification or consent; (2) A second cause of action against California DOE to: (a) reverse California DOE's findings that emails are not "education records" to be maintained by the educational agency and that TCOE was in compliance; and (b) require California DOE to take "appropriate corrective actions"; and (3) A third cause of action against TCOE to reimburse attorney fees of not less than $5,462.64 for the "successful prosecution of the compliance

complaint."  The FAC sought: (1)  Reversal of California DOE's decision; (2) Findings that TCOE violated federal and state laws by failing to produce emails that were Student's "education records" to be "maintained" under 34 C.F.R. § 99.3; (3) An order that TCOE provide Student's existing records which should have been produced pursuant to Student's initial July 10, 2007 request; (4) An order that TCOE notify parents when it intends to destroy Student's "education records"; and (5) An award of $5,462.64 attorney fees for "successful prosecution of the compliance complaint."

Having considered the parties arguments, the administrative record, the declarations, and the judicially-noticeable facts, this Court issued a September 24, 2009 Order on Cross-Motions for Summary Judgment ("SJ Order") (Doc. 84).  In the SJ Order, this Court ruled against Student on the predominant issues of the action.  This Court found that the "plain language of the statute and regulation that define 'education records' is consistent with California DOE's interpretation that only those emails that both are maintained by the educational institution and personally identify Student are education records."  SJ Order, 7.  The Court found that:

> Student's position erroneously ignores the statutory requirement that an email must also be maintained.  In his interpretation of the statute, and in this motion, Student seeks to compel TCOE to maintain all emails that identify him.  This position is not supported by the plain language of the statute or regulations....Student's unpersuasive interpretation of the statute is untenable.

*Id*. at 7-8.  On the attorneys' fees issue, this Court noted that Student was unsuccessful on the predominant issues of his compliance complaint.  "Student's victory clearly fell short of the goal; therefore, it is unreasonable to grant his attorneys more than a comparable portion of the fees and costs requested."  *Id*. at 14 (quoting *McCown v. City of Fontana*, 550 F.3d 918, 925 (9th Cir. 2008)).  Nevertheless, the Court awarded Student $2,791.27 in attorneys' fees and costs for his partially-successful compliance complaint against TCOE.  In a supplemental order, this Court entered judgment in favor of TCOE and against Student on Student's first cause of action.

On October 28, 2009, Student moved for an award of attorneys fees.  TCOE opposed the motion on November 16, 2009.  Student replied on November 18, 2009.  Having considered the parties arguments and declarations, this Court finds this motion suitable for a decision without a hearing.  Accordingly, this Court VACATES the November 30, 2009 hearing on this motion, pursuant to Local Rule 78-230(h), and issues the following order.

3

# DISCUSSION

## Introduction

Student contends that he is entitled to recover attorneys fees as a prevailing party in this action. Pursuant to 20 U.S.C. §1415(i)(3)(B)(l), this Court "in its discretion, may award reasonable attorney's fees as part of the costs...to a prevailing party who is the parent of a child with a disability." Student requests a total of $23,785.50 in attorneys fees. Student submits that he incurred $47,571 in attorneys fees for the prosecution of this action–from the filing of FAC through his reply to the present motion. This total represents 248.2 hours of work by attorneys who billed at various rates. Student suggests a 50% "voluntary reduction from the full amount of attorneys fees incurred in this matter" to account for Student's partial success of his claims.

TCOE argues that Student is not entitled to attorneys' fees, because Student is not a prevailing party. TCOE contends that Student did not prevail on any of the significant issues raised in this action. Moreover, TCOE argues that Student should denied attorneys' fees award because of his limited degree of success. In the alternative, TCOE challenges the hours and fees as unreasonable, and suggests that this Court reduce the requested award by 75%.

Based on the parties arguments, this Court first considers whether Student is a prevailing party. If Student is entitled to attorneys' fees as a prevailing party, the Court will calculate an appropriate award of attorneys fees. The Court will further consider whether Student's "degree of success" warrants a reduction of his requested attorneys' fees.

## Prevailing Party Issue

The term "prevailing party" in 20 U.S.C. §1415(i)(3)(B)(l) "requires a material alteration of the legal relationship of the parties." *Shapiro v. Paradise Valley Uni. Sch. Distr*., 374 F.3d 857, 864 (9th Cir. 2008) (quoting and applying *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 604 (2001)). A prevailing party is one who "succeed[s] on any significant issue in litigation which achieves some of the benefit the parties sought in bringing the suit." *Van Duyn v. Baker Sch. Distr. 5J,* 502 F.3d 811, 825 (9th Cir. 2007) (quoting *Parents of Student W. v. Puyallup Sch. Dist., No. 3*, 31 F.3d 1489, 1498 (9th Cir.1994)). "The success must materially alter the parties' legal relationship, cannot be de minimis and must be causally linked to the litigation brought." *Id*.; *see*

1   *also Park v. Anaheim Union High Sch. Dist.*, 464 F.3d 1025, 1034-37 (9th Cir.2006). "[A] technical

2   victory may be so insignificant ... as to be insufficient to support prevailing party status." *Farrar v.*

3   *Hobby*, 506 U.S. 103, 113 (1995) (quoting *Garland*, 489 U.S. at 792). Thus, a "plaintiff is not the

4   prevailing party if his or her success is purely technical or de minimis." *Shapiro*, 374 F.3d at 865.

5        Although a de minimus success may be insufficient for an attorneys fees award, "the prevailing

6   party inquiry does not turn on the magnitude of the relief obtained." *Farrar*, 506 U.S. at 113. "'[T]he

7   *degree* of the plaintiff's success' does not affect 'eligibility for a fee award.'" *Id*. (quoting *Texas State*

8   *Teachers' Assoc. v. Garland Independent Sch. Distr.*, 489 U.S. 782, 790 (1989)(emphasis in original)).

9   Thus, "a party may be accorded prevailing party status by being awarded 'some relief by the court,' even

10  if only an award of nominal damages." *Shapiro*, 374 F.3d at 865 (quoting *Buckhannon*, 532 U.S. at

11  603-04).

12       In this action, Student did achieve a judicially-sanctioned alteration of the legal relationship

13  between the parties. This Court found in favor of Student, in part, on Student's third cause of action

14  related to attorneys' fees. This Court awarded Student a partial amount of the fees requested. Although

15  Student obtained only a small fraction of the relief sought, "the *degree* of the plaintiff's success' does not

16  affect eligibility for a fee award." *Farrar,* 506 U.S. at 113. Thus, Student qualifies as a prevailing party.[1]

17                                          **Lodestar Calculation**

18       Because Student is a prevailing party, the Court calculates the lodestar figure. "The most useful

19  starting point for determining the amount of a reasonable fee is the number of hours reasonably

20  expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424,

21  433 (1983); *see also, Aguirre v. Los Angeles Unified School Distr.*, 461 F.3d 1114 (9th Cir. 2006)

22  (recognizing that *Hensley* applies to IDEA attorneys' fees statute). "This figure, commonly referred to

23  as the 'lodestar,' is presumed to be the reasonable fee." *Hensley*, 461 U.S. at 433. To support the

24  lodestar calculation, the prevailing plaintiff must submit documentary evidence detailing the number of

25  hours spent and how it determined the hourly rate requested. *Id*. After the Court calculates the lodestar,

26

27   [1]TCOE's argument demonstrates that it misunderstood Student's motion. TCOE's argument focuses on whether
    Student was the prevailing party on his prosecution of the compliance complaint–an issue that this Court adjudicated in the
    SJ Order. The instant motion relates to Student's prosecution of the federal action, a point that should have been apparent

28  to TCOE.

1  and in rare and exceptional cases, the Court may adjust the lodestar...based on factors not subsumed in

2  the initial calculation of the lodestar." *Van Gerwen v. Guarantee Mutual Life Ins.*, 214 F.3d 1041, 1045

3  (9th Cir. 2000); *but see*, 20 U.S.C. §1415(i)(3)(C) (lodestar fee may not be increased for claims under

4  the IDEA).

5  *Hourly Rate*

6       The Court begins its analysis by determining a reasonable hourly fee.  Attorneys' fees are to be

7  calculated "based on rates prevailing in the community in which the action or proceeding arose for the

8  kind and quality of services furnished." 20 U.S.C. §1415(i)(3)(C); *see also*, *Blum v. Stenson*, 465 U.S.

9  886, 895 (1984).  The relevant community is the forum in which the district court sits. *Davis v. Mason*

10 *County*, 927 F.2d 1473, 1488 (9th Cir. 1991)*; see also, Barjon v. Dalton*, 132 F.3d 496 (9th Cir. 1997)

11 (applying the prevailing rate for the Sacramento community to an attorney whose practice was based in

12 San Francisco).  This Court sits in the Eastern District of California, Fresno division.  Thus, the relevant

13 community is  Fresno, California.  "[T]he established standard when determining a reasonable hourly

14 rate is the rate prevailing in the community for similar work performed by attorneys of comparable skill,

15 experience, and reputation." *Camacho v. Bridgeport Financial, Inc.*, 523 F.3d 973, 979 (9th Cir. 2008).

16      To substantiate the hourly rates charged, Student submits declarations of Richard Isaacs ("Mr.

17 Isaacs") and Drew Massey ("Mr. Massey"), and billing records.  According to his declaration, Mr.

18 Massey, an associate attorney with 3 years of legal experience, charged $165 per hour through May 1,

19 2009 and $185 per hour after May 1, 2009.  According to his declaration, Mr. Issacs, an attorney with

20 2 years of legal experience, charged $175 per hour in this action.  Although discussed in the SJ Order,

21 the declarations filed in support of this motion fail to establish the hourly rate charged by Timothy

22 Adams ("Mr. Adams"), an attorney with eight years of experience who has prosecuted over 100

23 compliance complaints.  Student submits that their hourly rates are either at or below the prevailing rate

24 for the legal community, though Student fails to submit declarations to establish the reasonable rate in

25 the relevant community.

26      In opposition, TCOE argues that Student has failed to establish or support that the hourly rates

27 are charged are based on prevailing rates in the community.  TCOE points out that Student failed to

28 submit declarations from any attorneys in the community to establish the prevailing community rate.

1   Student appears to rely on declarations filed in association with the summary judgment motion and

2   related request for attorneys fees claim to support his position that the rates charges are reasonable.  For

3   its part, TCOE sets forth that in the Eastern District of California, courts "consistently" find that $250

4   per hour is a reasonable rate for an "experienced" attorney in education law cases.

5            Student established by declaration that Mr. Massey charged $165 per hour through May 1, 2009

6   and $185 per hour after May 1, 2009, and Mr. Isaacs charged $175 per hour in this action.  Student failed

7   in this motion to establish the prevailing rate of the community and the rate charged by Mr. Adams.

8   Nevertheless, TCOE failed to oppose meaningfully Student's motion.  TCOE's opposition establishes

9   that the prevailing rate for an experienced attorney in the relevant legal community is $250.  Considering

10   the parties' declarations and arguments, and this Court's previous determination of reasonable hourly

11   rates in the relevant community, this Court finds the following hourly rates to be reasonable: $250 per

12   hour for Mr. Adams; $165 per hour for Mr. Massey; and $185 per hour for Mr. Isaacs.

13                                           *Hours Expended*

14            Next, the Court considers the reasonableness of the hours expended.  "In determining the

15   appropriate lodestar amount, the district court may exclude from the fee request any hours that are

16   'excessive, redundant, or otherwise unnecessary.'" *Welch v. Metro. Life Ins. Co.*, 480 F.3d 942, 946 (9th

17   Cir. 2007) (quoting *Hensley*, 461 U.S. 424, 434).

18            In his argument,  Student claims that his counsel expended 240 hours of time to prosecution this

19   action, from the first amended complaint through and including the instant motion.[2]  According to Mr.

20   Massey's declaration, the billing statement demonstrates that Mr. Massey billed 148.7 hours, Mr. Isaacs

21   billed 68.3 hours, and Mr. Adams billed 31.2 hours.[3]  Student argues that this total represents a

22   reasonable number of hours.  Student contends that the hours expended to prosecute this action were

23   increased by his need to defend a motion to dismiss, a request for interlocutory appeal, and preparation

24   of a default judgment request.

25            TCOE does not argue that the hours expended in this action were redundant or unnecessary.

26   _____

27            [2]Student introduced his cause of action for recovery of attorneys' fees in his first amended complaint.

28            [3]According to these totals, Student's counsel billed 248.2 hours.

TCOE's contention that Student's hours are excessive relate to Student's limited degree of success in this action. This Court considers Student's degree of success, however, in a separate analysis. *Hensley*, 461 U.S. at 436 (the degree of the plaintiff's overall success goes to the reasonableness of a fee award). Accordingly, this Court finds that 248.2 total hours is a reasonable amount.

*Lodestar Calculation*

Based on the foregoing, this Court finds a total lodestar calculation of $44, 971. The Court arrives at this total in the following manner:

| Attorney | Hours Expended | Hourly Rate | Total |
|---|---|---|---|
| Drew Massey | 148.7 | $165 | $24,535.50 |
| Richard Isaacs | 68.3 | $185 | $12,635.50 |
| Timothy Adams | 31.2 | $250 | $7800 |
| **Total** | 248.2 | | $44,971 |

*Lodestar Adjustment*

Although Student was a prevailing party, this Court has discretion to adjust the lodestar calculation downward based on his limited degree of success. *Aguirre v. Los Angeles Sch. Distr.*, 461 F.3d 1114 (9th Cir. 2006). The "most critical factor" in determining the reasonableness of a fee award under 20 U.S.C. §1415(i)(3)(B) "is the degree of success obtained." *Hensley*, 461 U.S. at 436. Parents of a disabled child will be awarded only such attorneys fees as pertained to the successful portion of the petition. *Bernardsville Bd. of Educ. v. J.H.*, 42 F.3d 149, 160-61 (3rd Cir. 1994). If "a plaintiff has achieved only partial or limited success, the product of hours expended on litigation as a whole times a reasonable hourly rate may be an excessive amount." *Hensely*, 461 U.S. at 436; *see also, Aguirre*, 461 F.3d at 1121 (ruling that *Hensely* degree-of-success standard applies to IDEA cases). "A reduced award is appropriate if the relief, however significant, is limited in comparison to the scope of the litigation as a whole." *Hensley*, 416 U.S. at 440. "In some circumstances, even a plaintiff who formally 'prevails'...should receive no attorney's fees at all." *Farrar*, 506 U.S. at 115.

"The reasonableness of the fee is determined primarily by reference to the level of success achieved by the plaintiff." *McCown*, 550 F.3d at 922 (citing *Hensley*, 461 U.S. at 436). In its review

8

of this motion, this Court must consider "the relationship between the amount of the fee awarded and the results obtained." *Hensley*, 461 U.S. at 437. "There is no precise rule or formula for making these determinations. The district court may attempt to identify specific hours that should be eliminated, or it may simply reduce the award to account for the limited success. The court necessarily has discretion in making this equitable judgment." *Aguirre*, 461 F.3d at 1122.

This Court finds that Student should recover only for those hours that were expended in relation to his successful claim. Student's failure to separate the hours spent on his prosecution of his attorneys' fees claim complicates this Court's analysis. Nonetheless, this Court considers the following: Student was successful in only one of the three causes of action. Student was unsuccessful wholly on his cause of action against California DOE. As to Students claims against TCOE, this Court entered judgement against Student on the substantial issues raised in this litigation; namely; whether TCOE failed to provide a copy of all emails concerning or personally identifying Student, whether TCOE was required to provide emails in their native file format, and whether TCOE unlawfully destroyed Student's records without parental notification or consent. Student's limited success on the attorneys' fees claim was unrelated to his unsuccessful claims and unrelated to his cause of action against California DOE. In addition, a review of the record indicates that none of the law and motion practice within this action was related to Student's third cause of action, with the exception of a limited portion of the Student's summary judgment motion against TCOE and the instant motion. The bulk of the motions was raised by California DOE, not TCOE, and were unrelated to Student's cause of action against TCOE for attorneys' fees. Moreover, Student obtained only partial success on his third cause of action. This Court reduced Student's request by 50%, as Student obtained limited success on his compliance complaint. Student's partial success on this cause of action requires further reduction of his current request.

The Court further considers an attorneys' fees award in the context of the IDEA. As the Ninth Circuit stated in *Aguirre*, 461 F.3d at 1120:

> It is understandable that without cost considerations, parents facing litigation would bring as many claims as possible, hoping to secure a larger share of the district's resources-whether in the form of reimbursements, additional staff time, or educational technology-than would be otherwise allotted to their children. Lawyers may also have incentive to bring baseless claims in order to increase billable hours devoted to a case. Acquiring a client with one strong claim should not give special education attorneys the green light to bill time on every conceivable issue. All children suffer when the schools'

coffers are diminished on account of expensive, needless litigation. In order to balance the needs of IDEA claimants and school districts, *Hensley* offers parents and their lawyers an incentive to avoid making frivolous claims while preserving their ability to raise meritorious claims.

Based on Student's partial and limited success on an issue that was unrelated to the substantial issues litigated in this action, and balancing the special considerations in the education context, this Court finds that a 90% reduction of the lodestar amount of $44,971 would yield a reasonable award of attorneys' fees.  Accordingly, this Court awards Student $4,497.10 in attorneys' fees.

**Costs**

Although Student includes evidence of costs hidden in his billing records, Student fails to support his costs request in his memorandum of points and authorities.  Because Student fails to establish that he is entitled to an award of costs in this action, this Court DENIES Student's request for costs.

**<u>CONCLUSION AND ORDER</u>**

For the reasons discussed above, this Court:

1.      VACATES the November 30, 2009 hearing on this motion;

2.      GRANTS in part and DENIES in part Student's motion for attorneys' fees and costs;

3.      AWARDS Student $4,497.10 in attorneys' fees, to be paid by TCOE; and

4.      AMENDS the Judgment in this action to include this award.

IT IS SO ORDERED.

**Dated:   November 20, 2009**          _____/s/ Lawrence J. O'Neill_____
                                        UNITED STATES DISTRICT JUDGE

10